UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMTIAZ KHAN, et al.,

    Plaintiffs,

    v.

K2 PURE SOLUTIONS, LP, et al.,

    Defendants.
_____/

No. C 12-5526 PJH

**ORDER GRANTING MOTION TO DISMISS**

       Defendants' motion to dismiss the third, sixth, seventh, and eighth causes of action of plaintiffs' first amended complaint came on for hearing before this court on May 22, 2013. Plaintiffs Imtiaz Khan, Tim Morris, Rick Seisinger, and Neelesh Shah ("plaintiffs") appeared through their counsel, Troy Valdez. Defendants K2 Pure Solutions LP, K2 Pure Solutions Nocal LP, and K2 Pure Solutions Pittsburg LP ("defendants") appeared through their counsel, Julie Capell. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing and as follows.

       Plaintiffs' eighth cause of action asserts a claim under California's Private Attorney General Act ("PAGA"), and is based on defendants' alleged violation of Cal. Labor Code § 432.5, which prohibits an employer from requiring an employee to agree in writing to any term or condition that is known to be prohibited by law. Plaintiffs claim that they were required to agree to a non-competition provision that is void under California law. However, the latest of these agreements was signed on November 30, 2010, almost two years before this suit was filed on October 15, 2012 and before plaintiffs first asserted a PAGA claim through the administrative process on November 6, 2012. The statute of limitations for

PAGA claims is one year. Cal. Code Civ. Proc. § 340. Plaintiffs argue that their claim should be governed by the three-year statute of limitations applicable to violations of Labor Code § 432.5, but plaintiffs have not persuaded the court that the three-year limitations period should trump the one-year limitations period applicable to PAGA claims. See, e.g., Thomas v. Home Depot USA, Inc., 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007) ("the court is unpersuaded that the operative statute of limitations for PAGA claims is the statute of limitations that applies to the underlying claims and not the one-year statute of limitations that applies to 'penalties' under CCP § 340(a)."). Nor does the court find merit in plaintiffs' argument that the limitations period did not begin until the termination of plaintiffs' employment. Instead, section 432.5 makes clear that the prohibited behavior is the employer's requirement that an employee agree in writing to a prohibited term or condition. Thus, the limitations period begun when defendants so required. And as stated above, the latest of these agreements was signed on November 30, 2010, more than one year before plaintiffs filed suit and more than one year before plaintiffs asserted their PAGA claim through the administrative process. Thus, plaintiffs' PAGA claim is time-barred and is DISMISSED with prejudice.

Plaintiffs' third, sixth, and seventh causes of action all allege that defendants did not pay all wages that were owed to plaintiffs, and all three causes of action rely on the allegation that plaintiffs were wrongfully classified as exempt employees. However, plaintiffs' allegations regarding their exempt status are largely conclusory, and more importantly, do not differentiate between the plaintiffs at all. Instead, the first amended complaint ("FAC") makes the blanket allegation that "each of the plaintiffs were prevented from exercising independent judgment and discretion in performing their duties such that they were not primarily engaged in exempt duties," and that "[c]onsequently, plaintiffs were non-exempt employees." FAC, ¶ 22. Plaintiffs cannot rely on such conclusory statements to support its claims, and for that reason, the third, sixth, and seventh causes of action are DISMISSED with leave to amend. Plaintiffs have until **June 19, 2013** to file a second

amended complaint in accordance with this order. No new claims or parties may be added without leave of court or defendants' written consent. Defendants have until **July 10, 2013** to answer or otherwise respond to the second amended complaint.

**IT IS SO ORDERED.**

Dated: May 28, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge