**SMITH LILLIS PITHA LLP**
Martin L. Pitha (State Bar No. 192447)
18201 Von Karman Avenue, Suite 1080
Irvine, California 92612
Telephone: (949) 209-9020
Facsimile: (949) 759-1845
Email: mpitha@slplawfirm.com

**SMITH LILLIS PITHA LLP**
James Smith (State Bar No. 190050)
115 Sansome Street, Suite 1005
San Francisco, California 94104
Telephone: (415) 814-0404
Facsimile: (415) 217-7011
Email: jsmith@slplawfirm.com

**FULBRIGHT & JAWORSKI L.L.P.**
Gerard G. Pecht [*pro hac vice application to be filed*]
Brian C. Boyle, *admitted pro hac vice*
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: gpecht@fulbright.com
bboyle@fulbright.com

Attorneys for Defendant and Counter-Claimant K2 PURE SOLUTIONS, LP and Defendants K2 PURE SOLUTIONS NOCAL, L.P. and K2 PURE SOLUTIONS PITTSBURG, LP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IMTIAZ KHAN, an individual, TIM MORRIS, an individual, RICK SEISINGER, an individual, and NEELESH SHAH, an individual,

Plaintiffs,

vs.

K2 PURE SOLUTIONS, LP, a Delaware limited partnership, K2 PURE SOLUTIONS NOCAL, L.P., a Delaware limited partnership, K2 PURE SOLUTIONS PITTSBURG, L.P., a Delaware limited partnership, and DOES 1 through 10

Defendants.

Case No. C-12-5526-PJH

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CAUSES OF ACTION 3, 5, 6, AND 7 OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Hearing Date: August 28, 2013
Hearing Time: 2:00 p.m.
Courtroom: 2
Floor: 17

DOCUMENT PREPARED ON RECYCLED PAPER

INTRODUCTION ........................................................................................ 1

ARGUMENT............................................................................................. 1

I. Plaintiffs Still Fail To Plead Facts To Make Their Claim Of Improper Classification Plausible. ........................................................ 1

II. Plaintiffs' Overtime, Meal And Rest Period, And Wage Statement Claims Should Be Dismissed. ............................................... 7

III. Amendment Of Plaintiffs' Second Amended Complaint Would Be Futile. .............................................................................. 9

CONCLUSION.......................................................................................... 10



DOCUMENT PREPARED ON RECYCLED PAPER

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Blockbuster, Inc.*,
No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010) .......... 7

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......... 2, 6, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2, 6, 7, 9

*Brinker Restaurant Corp. v. Superior Court of San Diego County*,
53 Cal. 4th 1004 (Cal. 2012) .......... 8

*Colson v. Avnet, Inc.*,
687 F. Supp. 2d 914 (D. Ariz. 2010) .......... 4, 5, 9

*Copas v. Eastern Bay Municipal Utility District*,
61 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999) .......... 4

*DeLeon v. Time Warner Cable LLC*,
No. CV 09-2438 AG, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) .......... 7

*Dumas v. Kipp*,
90 F.3d 386 (9th Cir.1996) .......... 9

*Gadda v. State Bar of Cal.*,
511 F.3d 933 (9th Cir. 2007) .......... 10

*Harding v. Time Warner, Inc.*,
No. 09 cv 1212-WQH-WMc, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) .......... 6, 7, 9

*Jeske v. Maxim Healthcare Servs., Inc.*,
No. CV F 11-1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) .......... 8



DOCUMENT PREPARED ON RECYCLED PAPER

*Perez v. Time Moving Storage, Inc.*,
No. 08 Civ. 2775(CM), 2009 U.S. Dist. LEXIS 17065 (S.D.N.Y. Jan. 16, 2009) .......... 5, 6

*Reber v. AIMCO/Bethesda Holdings, Inc.*,
No. SA CV07-0607 DOC, 2008 WL 4384147 (C.D. Cal. Aug. 25, 2008) .......... 10

*Rowe v. Banks*,
No. 1:08-cv-00472-AWI-MJS (PC), 2011 U.S. Dist. LEXIS 53848 (E.D. Cal. May 18, 2011) .......... 10

*Spinden v. GS Roofing Products Co., Inc.*,
94 F.3d 421 (8th Cir.1996), *cert. denied*, 520 U.S. 1120 (1997) .......... 3

*Toy v. TriWire Eng'g Solutions, Inc.*
No. C 10-1929 SI, 2011 WL 221832 (N.D. Cal. Jan 24, 2011) .......... 7

*Wiegele v. FedEx Ground Package Sys., Inc.*,
No. 06-CV-1330 JLS (POR), 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010) .......... 7

**STATUTES**

Cal. Code Regs. Tit. 8, § 11040(1)(A)(1)(b) .......... 2

Cal. Code Regs. Tit. 8, § 11040(1)(A)(2)(b) .......... 2

Cal. Lab. Code § 510 .......... 1

Cal. Lab. Code § 515 .......... 1

**REGULATIONS**

29 C.F.R. § 541.207(a) .......... 2

29 C.F.R. § 541.207(e) .......... 4

29 C.F.R. § 541.601(d) .......... 3

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants K2 Pure Solutions, LP, K2 Pure Solutions Nocal, L.P., and K2 Pure Solutions Pittsburg, L.P. (collectively, "Defendants" or "K2") file this Reply to Plaintiffs' Opposition To Defendants' Motion to Dismiss Causes of Action 3, 5, 6, and 7 of Plaintiffs' Second Amended Complaint ("Opposition").

## INTRODUCTION

After nearly ten months and three attempts to properly allege their claims, Plaintiffs still cannot muster anything but a recitation of statutory language and two sentences of conclusory allegations that just as easily support K2's classification of Morris and Seisinger as exempt employees. In doing so, Plaintiffs ignore this Court's prior directive not to rely on "conclusory statements" to support its claim that Plaintiffs were wrongfully classified as exempt employees. *See* Order Granting Motion to Dismiss (Docket No. 40), ¶ 3 ("Plaintiffs cannot rely on such conclusory statements to support its claims, and for that reason, the third, sixth, and seventh causes of action are DISMISSED with leave to amend."). Plaintiffs' refusal or inability to plead sufficient facts in their Second Amended Complaint ("Second Amended Complaint" or "SAC") (Docket No. 42) is fatal to their claims for overtime, meal/rest breaks, wage statements, and conversion.[1] Plaintiffs' Causes of Actions 3, 5, 6, and 7 should therefore be dismissed with prejudice.

## ARGUMENT

### I. Plaintiffs Still Fail To Plead Facts To Make Their Claim Of Improper Classification Plausible.

Plaintiffs devote an entire section of the Opposition to "California law governing exemptions from overtime." Opposition, at 4. Yet, Plaintiffs omit a critical detail—that is, Plaintiffs, not K2, must satisfy their burden of alleging

[1] Cause of Action 7 asserts a conversion claim for the alleged failure to pay overtime to Plaintiffs, claiming damages "based upon the number of uncompensated overtime hours worked." SAC ¶ 82. As demonstrated by the California Labor Code, such overtime pay only applies to nonexempt employees. *See* Cal. Lab. Code §§ 510, 515.

sufficient ***facts*** to make their claim of improper classification plausible. Plaintiffs have failed to satisfy their burden.

The Second Amended Complaint falls far short of the pleading threshold established by the U.S. Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiffs acknowledge that the administrative employee exemption or the executive employee exemption may very well apply to Morris and Seisinger and fail to allege facts to take either Plaintiff outside of the exemptions. Instead, Plaintiffs rely on "formulaic recitation[s]" of legal standards that parrot, nearly verbatim, the wording of statutes and Labor Code regulations. *Iqbal*, 129 S. Ct. at 1949. For example, the statement that Morris and Seisinger were unable to "exercise independent judgment and discretion" and regularly "make independent choices or decisions of significance without direction" or preapproval, is mischaracterized by Plaintiffs as a "factual allegation." Opposition, at 6 this statement is actually an amalgam of conclusory legal terms pulled directly from California and Labor Department Regulations.[2]

Plaintiffs rely on titles such as "Production Manager" and "Environmental Health and Safety Manager" to describe Morris and Seisinger's work. SAC ¶¶ 21, 22. Not only do these titles fail to describe what Plaintiffs actually did in their day-to-day employment with K2, these titles support that Morris and Seisinger were exempt employees, and were properly classified as such by K2. The Labor Code Regulations—the legal terms of which are repeatedly recited throughout Plaintiffs' Second Amended Complaint—provide that nonexempt employees are those who do not primarily perform office or non-manual work such as:

> ***non-management*** production-line workers and non-management employees in maintenance, construction and similar occupations such

[2] *See, e.g.,* Cal. Code Regs. Tit. 8, §§ 11040(1)(A)(1)(b), 11040(1)(A)(2)(b) (exempt employees are those who "customarily and regularly exercises discretion and independent judgment"); 29 C.F.R. § 541.207(a) ("[T]he exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision, free from immediate direction or supervision and with respect to matters of significance.").

> as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other ***employees who perform work involving repetitive operations with their hands, physical skill and energy***.

29 C.F.R. § 541.601(d) (emphasis added). Morris and Seisinger, as "managers" hired by K2 at base salaries of $150,000 and $85,000, respectively, do not fit within this description of nonexempt employees.

In *Spinden v. GS Roofing Products Co., Inc.*, 94 F.3d 421 (8th Cir.1996), *cert. denied*, 520 U.S. 1120 (1997), the controller of a roofing products plant claimed that his work comprised "menial, everyday bookkeeping jobs," and that he was therefore a nonexempt employee. The evidence showed that his responsibilities included maintaining accounting and personnel records; preparing tax returns, payroll, budgets, and monthly journal entries; and analyzing production costs. He also computerized the plant's accounting procedures, attended weekly staff meetings with the plant manager and superintendents, and signed equipment leasing contracts on behalf of the plant. *Id.* at 424. The trial court found that the controller was nonexempt because he spent 80 to 90 percent of his time in routine work—"mere bookkeeping" or work that did not require "management-type decisions." *Id.* at 425. The Eighth Circuit reversed, concluding that the plaintiff was an exempt employee because his primary duty as the controller of the plant consisted of the performance of office work directly related to management policies or the general business operations of the company. *See id.* at 428.

The conclusory allegation that Seisinger and Morris were unable to make expenditures without preapproval from K2's Chief Executive Officer similarly provides no support for Plaintiffs' claim of improper classification. In *Copas v. Eastern Bay Municipal Utility District*, this Court explained that the Labor Code regulations do not require an exempt employee to exercise absolute discretion without any review or direction from others.

> [T]he term 'discretion and independent judgment' as used in the regulations 'does not necessarily imply that the decisions made by the employee must have a finality that goes with unlimited authority and a complete absence of review.' Indeed, the decisions made by the employee may merely lead to recommendations for further action. The fact that an employee's decisions are subject to review, and that they may on occasion be reversed, or the recommendations rejected, 'does not mean that the employee is not exercising discretion and independent judgment.'

61 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999) (quoting 29 C.F.R. § 541.207(e)) (internal citations omitted).

Despite the absence of any facts to support their conclusory allegation of wrongful classification, Plaintiffs once again attempt to analogize the Second Amended Complaint to that in *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Ariz. 2010), except this time Plaintiffs argue, without any discussion of what was pleaded by the plaintiff in *Colson*, that "Plaintiffs Seisinger and Morris have pled more facts than the *Colson* plaintiff." Opposition, at 8. *Colson*, however, demonstrates the deficiencies of Plaintiffs' Second Amended Complaint.

In *Colson*, the plaintiff alleged that her job duties as a "Sales and Marketing Representative" did not include the "performance of "office or non-manual work related to management or general business operations" or "the exercise of discretion or independent judgment." 687 F. Supp. 2d at 920. The *Colson* plaintiff further alleged that her "performance success and compensation depend[ed] on selling highest number of products at highest possible markup." *Id.* at 921. More importantly, the *Colson* plaintiff described in detail her daily job duties:

- Employed as a "sales representative"
- Performed "inside sales" work under the direct supervision of management
- "Produc[ed] sales of electronic component, computer and storage products and embedded subsystems to existing customers"



DOCUMENT PREPARED ON RECYCLED PAPER

- “Booked sales” of component parts to pre-existing customers
- Quoted “lead times, quantifies, and other specifications of orders via email, telephone and web portal in response to customer requests”
- Communicated with customers regarding order status
- Attended sales meetings

*Id.* at 920-21.

The *Colson* complaint, which withstood judicial scrutiny by “the thinnest of threads,” is exceedingly more detailed than Plaintiffs’ Second Amended Complaint.[3] Plaintiffs accuse K2 of attacking Plaintiffs’ “factual allegations in isolation” (Opposition, at 5), but when the legal conclusions and parroted statutory language are stripped away, all that is left is a single factual allegation that Morris and Seisinger were, for the entire term of their employment, highly-paid employees in positions of management at K2—an allegation which supports K2’s classification of Plaintiffs as exempt employees.

Plaintiffs fail to distinguish *Perez v. Time Moving Storage, Inc.*, No. 08 Civ. 2775(CM), 2009 U.S. Dist. LEXIS 17065 (S.D.N.Y. Jan. 16, 2009). *Perez* teaches that where a complaint raises the potential applicability of a Fair Labor Standards Act exemption, the plaintiff must plead facts showing the exemption does not apply. *See* Opposition, at 7 (acknowledging that *Perez* required the plaintiff to plead facts negating the Motor Carrier Exemption). Similarly here, Plaintiffs have the burden of alleging facts plausibly indicating that the exemptions they have raised—the administrative employee and executive employee exemptions—do not apply. *Perez* characterized the plaintiffs’ complaint as alleging “[n]ot a syllable” about their job duties, and the court made clear that the minimum threshold is much

---

[3] Plaintiffs allege that Seisinger “was responsible for the production of bleach, chlorine and caustic soda.” SAC ¶¶ 22, 57. Given that this statement merely describes the products that K2 manufactures, it either indicates that Seisinger had managerial responsibility for all production activities of K2, or the statement is so vague as to provide no real description of his job duties.

higher for what *should* have been pleaded—namely “specific facts about what their job duties are.” 2009 U.S. Dist. LEXIS 17065, at *3.

It is not enough for Plaintiffs to simply allege that Morris and Seisinger were “unable to exercise independent judgment and discretion” and make “decisions of significance” “without direction or preapproval.” SAC ¶¶ 20 – 22. The Second Amended Complaint and the Opposition expressly put the administrative exemption and the executive exemption at issue, and Plaintiff has now—once again—failed to plead any facts suggesting that the exemptions do not apply to Morris and Seisinger. Allowing Plaintiffs to proceed past the pleadings stage without any proper factual allegations as to the applicable exemptions raised by the Second Amended Complaint, while subjecting Defendants to the burden and cost of discovery, would eviscerate *Twombly* and *Iqbal*’s requirement that a plaintiff plead a plausible basis for relief. *Iqbal*, 129 S. Ct. at 1950.

None of the cases that Plaintiffs attempt to distinguish hold otherwise. In *Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMc, 2009 WL 2575898, at *3-4 (S.D. Cal. Aug. 18, 2009), the plaintiff did not “merely allege[] that Time Warner failed to pay and properly calculate overtime, [and] keep accurate records of all hours worked by its employees” in support of his claims for overtime and inaccurate wage statements. Opposition, at 8. Rather, the plaintiff alleged that Time Warner inaccurately “under-reported the amount of time worked” and subsequently underpaid the plaintiff and the putative class of current and former nonexempt employees by “rounding” reported time worked to the nearest 15 minutes “without ensuring that the employees were paid for all of the time actually worked.” 2009 WL 2575898, at *4. Even still, the court dismissed the *Harding* plaintiff’s complaint—a complaint that contained significantly more factual support than Plaintiffs’. According to the court, “the bare factual allegation of a practice of ‘rounding’ of reported time worked to the nearest 15 minutes, fails ‘to raise a



DOCUMENT PREPARED ON RECYCLED PAPER

reasonable expectation that discovery will reveal evidence of [the claim].'" *Id.* (quoting *Twombly*, 550 U.S. at 556).[4]

## II. Plaintiffs' Overtime, Meal and Rest Period, And Wage Statement Claims Should Be Dismissed.

In the Opposition, Plaintiffs essentially ignore the elephant in the room—that is, the complete lack of factual support for any of their purported claims for overtime wages, meal and rest breaks, and allegedly inaccurate wage statements.

- Overtime: Plaintiffs allege "K2 required Morris and Seisinger to work in excess of eight (8) hours per workday and/or forty (40) hours per work week" and "K2 knowingly and willfully failed to pay overtime wages." SAC ¶ 58.

Nowhere in the Second Amended Complaint do Plaintiffs allege any tasks that Morris or Seisinger were required to perform but were not paid for. In *DeLeon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009), the court dismissed a complaint alleging that the plaintiffs "consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week and that defendant "willfully" failed to pay overtime wages. The court held that the plaintiffs failed to "plead sufficient 'factual content' to allow the Court to make a reasonable inference that [the defendants] are liable for the claims alleged by [the plaintiff]." By contrast, in *Toy v. TriWire Eng'g Solutions, Inc.*, the court denied a motion to dismiss overtime claims because, in addition to a "conclusory allegation

[4] *See also Anderson v. Blockbuster, Inc.*, No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010) (dismissing complaint containing conclusory allegations asserted as support for the plaintiff's claims for overtime, meal/rest breaks, non-compliance with wage statements, and unfair business practices); *Wiegele v. FedEx Ground Package Sys., Inc.*, No. 06-CV-1330 JLS (POR), 2010 WL 4723673, at *4-6 (S.D. Cal. Nov. 15, 2010) (dismissing complaint alleging that "Defendant required the Plaintiffs to work overtime without lawful compensation" and that "Defendant required Plaintiffs to work . . . without being given a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours during which Plaintiffs were relieved of all duties and free to leave the premises" because "non-specific allegations do not suffice to survive a motion to dismiss under *Twombly and Iqbal*").

that the plaintiffs worked more than forty hours a week," plaintiffs specifically alleged that they were required to attend, but were not compensated for, "mandatory staff meetings, safety meetings, and other meetings," including "a meeting at which they were informed Comcast would no longer be employing class members." No. C 10-1929 SI, 2011 WL 221832, at *3 (N.D. Cal. Jan. 24, 2011).

- Meal and Rest Periods: Plaintiffs allege that K2 "routinely failed to provide nonexempt employees Morris and Seisinger with rest and meal periods during their work shifts."[5] SAC ¶ 75.

Plaintiffs do not allege a single instance in which either Morris or Seisinger was actually denied a meal or rest break, much less do Plaintiffs allege facts to suggest how or when K2 supposedly denied such breaks. *See Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *5 (E.D. Cal. Jan. 10, 2012) (dismissing complaint alleging that the defendant "failed to provide Plaintiff with the required meal periods for numerous days worked" and "with the rest periods at the rate of ten minutes net rest per four hours of work or major fraction thereof" because the claim lacked facts as to how and when the defendant denied meal or rest periods).

- Wage Statements: Plaintiffs allege K2 "willfully failed to furnish to nonexempt employees Morris and Seisinger, upon each pay period, itemized wages statements accurately showing, at minimum, the total hours worked, gross wages, net wages, applicable hourly wages and the corresponding hours worked at each applicable hourly rate." SAC ¶ 68.

Plaintiffs assert no facts to demonstrate the purported inaccuracies in their wage statements. Notably, Plaintiffs do not even allege what was supposedly

[5] Plaintiffs contend that "K2 did nothing to actually provide Plaintiffs with a rest or meal period." Opposition, at 7 n.3. Even assuming *arguendo* Morris and Seisinger were nonexempt employees (which they were not), California law is clear: K2 was not required to do anything to provide a meal or rest break. As explained in K2's Motion to Dismiss (Docket No. 44), an employer satisfies its obligation to provide meal and rest periods "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so." *Brinker Restaurant Corp. v. Superior Court of San Diego County*, 53 Cal. 4th 1004, 1040 (Cal. 2012).

required but omitted from Morris and Seisinger's wage statements. *See Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMc, 2009 WL 2575898, at *3-4 (S.D. Cal. Aug. 18, 2009) (dismissing complaint alleging that defendant failed to "provide accurate Itemized Wage Statements" as a conclusory allegation that was "assigned no weight").

- Knowing and Willful Conduct: Plaintiffs allege without elaboration that K2 "knowingly and willfully" failed to pay overtime wages and "willfully" failed to provide accurate wage statements. SAC ¶¶ 59, 69.

Plaintiffs fail to plead a single fact suggesting that K2 acted knowingly and intentionally in remitting allegedly inaccurate wage statements to Plaintiffs or that K2 knew of the supposed overtime hours worked by Morris and Seisinger. In *Iqbal*, the Supreme Court specifically held, while "conditions of a person's mind" may be generally alleged under Federal Rule of Civil Procedure 9, Plaintiffs cannot "evade the less rigid—though still operative—strictures of Rule 8." 129 S. Ct. at 1954; *see, e.g.*, *Colson*, 687 F. Supp. 2d at 921-22 (dismissing complaint alleging that defendant "intentionally, willfully, and repeatedly" violated the FLSA because "even under the most narrow and restrictive reading of *Twombly* and *Iqbal*, Plaintiff has failed to state a plausible claim that Defendant acted with a mental state reflecting willfulness").

## III. Amendment Of Plaintiffs' Second Amended Complaint Would Be Futile.

After being provided with yet another opportunity to assert sufficient allegations to support their claims in what is now the Second Amended Complaint, Plaintiffs have failed to remedy the serious flaws in their pleading of Causes of Action 3, 5, 6, and 7, even with the benefit of this Court's prior Order and the parties' prior briefing. Plaintiffs were given the opportunity to state a claim and have failed to do so. Granting Plaintiffs leave to file a ***fourth*** iteration of the Complaint would be unjust and demonstrably futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996) ("When amendment would be futile, "a court may order

dismissal with prejudice."); *see, e.g.*, *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (affirming dismissal with prejudice where plaintiff did "not suggest[] any possible way that he could cure his complaint to survive dismissal upon amendment"); *Rowe v. Banks*, No. 1:08-cv-00472-AWI-MJS (PC), 2011 U.S. Dist. LEXIS 53848, at *5 (E.D. Cal. May 18, 2011) (further leave to amend unwarranted where "the Court previously pointed out the deficiency in Plaintiff's claim and Plaintiff failed to cure that deficiency in his amended pleading").

At a minimum, Plaintiffs will not be able to amend and cure their conclusory pleading of (1) K2's purported failure to provide meal or rest breaks or (2) knowing and/or willful conduct on K2's part to make their claims for meal and rest periods, overtime, and inaccurate wage statements plausible. Any alleged failure by K2 to pay overtime wages or to provide accurate wage statements to Morris and Seisinger was based on K2's good faith (and correct) classification of Plaintiffs as exempt employees. Importantly, Plaintiffs do not and cannot allege facts to suggest that K2 did not have a good faith basis for believing that it did not owe Morris and Seisinger additional payments or itemized wage statements. *See, e.g.*, *Reber v. AIMCO/Bethesda Holdings, Inc.*, No. SA CV07-0607 DOC (RZx), 2008 WL 4384147, at *9 (C.D. Cal. Aug. 25, 2008) (violation not "knowing and intentional" where there is a good faith legal dispute regarding employees' entitlement to additional wages). Therefore, Plaintiffs' overtime, wage statement, and conversion claims should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion and dismiss with prejudice Causes of Action 3, 5, 6, and 7 of Plaintiffs' Second Amended Complaint, and that the Court grant Defendants all other relief to which they may be entitled.



DOCUMENT PREPARED ON RECYCLED PAPER

Dated: July 30, 2013

**SMITH LILLIS PITHA LLP**
Martin L. Pitha

/s/ Martin L. Pitha
By ______________________________
Martin L. Pitha
Attorneys for Defendants

Dated: July 30, 2013

**FULBRIGHT & JAWORSKI L.L.P.**
Gerard G. Pecht [*pro hac vice* application to be filed]
Brian C. Boyle, admitted *pro hac vice*

/s/ Brian C. Boyle
By ______________________________
BRIAN C. BOYLE
Attorneys for Defendants