UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMTIAZ KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> K2 PURE SOLUTIONS, L.P., et al., <br><br> Defendants. | Case No. 12-cv-05526-WHO <br><br> **ORDER TO ADDRESS SUBJECT MATTER JURISDICTION AT CASE MANAGEMENT CONFERENCE** |

This case, which only alleges causes of action under California law, was originally filed in the Superior Court of California, County of Contra Costa. Defendant K2 Pure Solutions, L.P., ("K2 Pure Solutions") removed the case to this Court on the basis of diversity jurisdiction. Removal Notice ¶ 4, Dkt. No. 1. The parties' joint case management statement filed on February 21, 2013, states, "Plaintiffs do not concede that diversity actually exists, as they believe that Defendant's true corporate domicile is in Pittsburg, California, where Plaintiffs contend K2's principal place of business exists. However, Plaintiffs require discovery with respect to this issue to confirm their assumptions." Dkt. No. 18 at 1.

The original Complaint states that all the plaintiffs "reside[]" in, or are residents of, California. Compl. ¶¶ 3-6. It also alleges that defendant K2 Pure Solutions is a Delaware limited partnership and has its headquarters and principal place of business in Pittsburg, California. Compl. ¶ 7. The Second Amended Complaint currently before the Court contains substantially identical allegations as above, SAC ¶¶ 5-7, but also asserts claims against defendants K2 Pure Solutions NoCal, L.P., and K2 Pure Solutions Pittsburg, L.P., both of which are also alleged to be Delaware limited partnerships and as having their headquarters and principal places of business in

Pittsburg, California, SAC ¶¶ 8-10.

However, the defendants provide conflicting allegations. In the Notice of Removal, K2 Pure Solutions alleges that it is a Delaware limited partnership and has its principal place of business in Ohio, and its general and limited partners are all Delaware limited liability companies with their principal places of business in New York—thus it is a citizen of Delaware and New York. Removal Notice ¶ 9 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)). Citing to the original Complaint, K2 Pure Solutions's Notice of Removal claims that all the plaintiffs are "citizens" of either California or Nevada (though the Complaint says no such thing). Removal Notice ¶¶ 6-8; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) (distinguishing residency from citizenship). Thus, K2 Pure Solutions argues that there is complete diversity of citizenship. Removal Notice ¶ 4. K2 Pure Solutions also alleges that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

In addition, the defendants' Answers to the original Complaint, First Amended Complaint, and Second Amended Complaint claim that (1) K2 Pure Solutions is a Delaware limited partnership and has its principal place of business in New York, and its general and limited partners are Delaware limited liability companies with their principal places of business in New York, a Delaware corporation with its principal place of business in New York, and Ontario limited partnerships with their principal places of business in Ontario, Canada (Compl. Answer ¶ 7; FAC Answer ¶ 8; SAC Answer ¶ 8); (2) K2 Pure Solutions NoCal, L.P., is a Delaware limited partnership, and its general and limited partners are a Delaware limited liability company and a Delaware limited partnership with their principal places of business in Ohio or Ontario, Canada (FAC Answer ¶ 9; SAC Answer ¶ 9); and (3) K2 Pure Solutions Pittsburg, L.P., is a Delaware limited partnership, and its general and limited partners are a Delaware limited liability company and a Delaware limited partnership with their principal places of business in Ohio or Ontario, Canada (FAC Answer ¶ 10; SAC Answer ¶ 10).

Finally, the jurisdictional statement in the Second Amended Complaint alleges that this Court has jurisdiction "pursuant to California Code of Civil Procedure section 410.10 *et seq.*" but has not provided any federal basis for subject matter jurisdiction. SAC ¶ 14.

1  At the Case Management Conference on August 28, 2013, the parties should be prepared
2 to address whether the Court has subject matter jurisdiction over this case. The parties should
3 explain the results of any discovery on this issue and, if it is ongoing, when it will be completed
4 The parties are directed to *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990), *Johnson v. Columbia
5 Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006), *Kanter v. Warner-Lambert Co.*, 265 F.3d
6 853 (9th Cir. 2001), and other applicable precedent in this circuit.

**IT IS SO ORDERED.**

Dated: August 21, 2013



WILLIAM H. ORRICK
United States District Judge