1  TROY A. VALDEZ, State Bar No. 191478
   ERIN M. DOYLE, State Bar No. 233113
2  SHEILA A. KHAN-VARIBA, State Bar No. 219434
   VALDEZ TODD & DOYLE LLP
3  116 New Montgomery Street, Suite 210
   San Francisco, CA  94105
4  Telephone:   (415) 202-5950
   Facsimile:   (415) 202-5951
5  Email: tvaldez@vtdlaw.com
   Email: edoyle@vtdlaw.com
6  Email: skhan-variba@vtdlaw.com

7  Attorneys for Plaintiffs/Counter-Defendants
   IMTIAZ KHAN, *et al.*

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  IMTIAZ KHAN, an individual, TIM          )  Case No.:  3:12-cv-05526-WHO
    MORRIS, an individual, RICK SEISINGER,   )
12  an individual, and NEELESH SHAH, an      )  **PLAINTIFFS' SUPPLEMENTAL BRIEF**
    individual,                              )  **IN SUPPORT OF THEIR MOTION FOR**
13                                           )  **PARTIAL SUMMARY JUDGMENT**
                    Plaintiffs,              )  **PURSUANT TO THIS COURT'S**
14                                           )  **SEPTEMBER 3, 2013 ORDER**
           v.                                )
15                                           )  Hearing Date:    TBD
    K2 PURE SOLUTIONS, L.P., a Delaware      )  Time:            TBD
16  limited partnership, K2 PURE SOLUTIONS   )  Judge:           Hon. William H. Orrick
    NOCAL, L.P., a Delaware limited partnership, )  Courtroom:   2
17  K2 PURE SOLUTIONS PITTSBURG, L.P., a     )  Floor:           17
    Delaware limited partnership, and DOES 1 )  Trial Date:      June 9, 2014
18  through 10, inclusive,                   )
                                             )  Complaint Filed:  October 15, 2012
19                  Defendants.              )
                                             )  Case Removed:    October 26, 2012
20  ─────────────────────────────────────── )
    K2 PURE SOLUTIONS, L.P., a Delaware      )
21  limited partnership,                     )
                                             )
22                  Counter-Claimant,        )
                                             )
23         v.                                )
                                             )
24  IMTIAZ KHAN, an individual, TIM          )
    MORRIS, an individual, RICK SEISINGER,   )
25  an individual, and NEELESH SHAH, an      )
    individual                               )
26                                           )
                    Counter-Defendants.      )
27                                           )

28

## I.      INTRODUCTION

Plaintiffs Imtiaz Khan, Rick Seisinger and Neelesh Shah (collectively, "Plaintiffs") hereby submit this supplemental brief pursuant to the Court's Order issued on September 3, 2013 ("September 3rd Order").  As requested in the September 3rd Order, the sole issue addressed herein is whether the attorney's fees incurred by Plaintiffs in defending K2's efforts to enforce its admittedly illegal non-compete agreements in the Nevada and Ohio actions constitute economic harm sufficient to confer standing under California Business and Professions Code Section 17200 *et seq.,* California's Unfair Competition Law ("UCL").  Both California and federal case law answer this question in the affirmative.  Given this controlling authority and the fact that K2's non-compete provisions indisputably violate the UCL, no triable issues of fact exist and summary judgment should be granted in favor of Plaintiffs on their Ninth Cause of Action.[1]

## II.     ARGUMENT

To establish standing under the UCL, as modified by Proposition 64, a plaintiff must demonstrate economic injury resulting from a defendant's unfair or unlawful business practices. *Kwikset Corp. v. Sup. Ct.,* 51 Cal.4th 310, 323 (2011); Cal. Bus. & Prof. Code § 17204 ("Actions for relief pursuant to this chapter shall be prosecuted by" . . . "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.").  Proposition 64 was passed by California voters to discourage "shakedown lawsuits" filed by plaintiffs who have not suffered harm from would-be defendants.  *Id*. at 317.  Notwithstanding the UCL's narrowed standing provisions, California courts have warned that the "injury in fact" requirement is not exacting or insurmountable.  "Injury-in-fact is not Mount Everest."  *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1347 (2009) (quoting *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432

---

[1] Plaintiffs respectfully request that the Court's ruling on this standing issue also apply to Plaintiff Timothy Morris, as the pertinent facts and issues presented herein are identical for Mr. Morris.  The evidence of economic harm submitted by Plaintiffs attached to the Supplemental Declaration of Troy A. Valdez, Esq. is the same for Mr. Morris.  Further, in the September 3rd Order, the Court stated: "[i]t will be speedier, less expensive, and as just to allow the parties to brief [the standing] issue than to allow a second round of motions for summary judgment [] or to require the parties to go to trial on this issue."  Extending the application of the Court's ruling on UCL standing to all plaintiffs, including Mr. Morris, will also serve the Court's stated goals.

F.3d 286, 294 (3d. Cir. 2005).  Rather, "the contours of the injury-in-fact requirement … are very generous, requiring only that claimant allege [ ] some specific, identifiable trifle of injury."  *Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1383 (2010).  Under California law, legal defense fees incurred because of an unfair business practice constitute economic harm sufficient to confer standing under the UCL.

As this Court noted in the September 3rd Order, there are "innumerable ways" in which economic injury from unfair competition may be shown to satisfy the UCL's standing requirement, including being "required to enter into a transaction, costing money or property, that would otherwise have been unnecessary."  Court Docket # 63; *Kwikset, supra,* 51 Cal.4th at 323. "An injury to a tangible property interest, such as money, generally satisfies the 'injury in fact' element for standing."  *Tourgeman v. Collins Financial Srvcs., Inc.*, 2009 WL 6527758 * 7 (S.D. Cal. Nov. 23, 2009).  Both California state and federal courts have consistently ruled that monetary expenditures caused by a defendant's unfair competition confer to the victims standing under the UCL.  "[O]ut of pocket expenses or money spent [is] a financial harm that constitute[s an] 'injury in fact'" for purposes of standing under the UCL.  *Troyk, supra,* 171 Cal.App.4th at 1347-48; *Hall v. Time, Inc.* 158 Cal.App.4th 847, 854 (2008) (a plaintiff required to expend money due to defendant's unfair competition has standing under Section 17200); *Kaiser v. BMW of North America,* 2013 WL 100218 (N.D. Cal. Jan. 7, 2013) (plaintiff establishes UCL standing by showing he made monetary expenditures that would have been unnecessary but for defendant's anti-competitive conduct).

Here, Plaintiffs unquestionably suffered economic injury defending themselves from K2's aggressive attempts to enforce its admittedly unlawful non-competes in the Nevada and Ohio actions.  Court Docket No. 52 (K2's Response to Motion for Partial Summary Judgment, p. 2, lines 27-28).  Specifically, Plaintiffs incurred legal fees and costs totaling over $61,000.00 in the Nevada action and over $72,000.00 in the Ohio action.  Supplemental Declaration of Troy A. Valdez ("Valdez Supp. Decl.") ¶ 5 (filed herewith).  Further, due to K2's transparent attempt to avoid unfavorable California law by filing lawsuits outside of California (despite the fact that

Plaintiffs worked for K2 in California and despite K2's subsequent admission that California law applies to this dispute), Plaintiffs were forced to seek relief from Defendants' litigation tactics by filing a request for declaratory relief in California on October 15, 2012.[2]  Court Docket # 1.  In short, all of Plaintiffs' legal fees were incurred only because K2 affirmatively attempted to enforce agreements that it admits violate California law.  These monetary expenditures caused by K2's unfair business practices indisputably constitute an injury in fact and confer Plaintiffs with standing under the UCL.

Numerous cases dictate that legal fees and costs incurred as a result of unfair business practices satisfy the standing requirements of the UCL.  The cases *Koller v. West Bay Acquisitions, LLC*, 2012 WL 2862440 (N.D. Cal. July 11, 2012), *Janti v. Encore Capital Group, Inc.*, 2010 WL 3058260 (S.D. Cal. Aug. 3, 2010) and *Tourgeman v. Collins Financial Services, Inc.*, 2009 WL 6527758 (S.D. Cal. Nov. 23, 2009) are dispositive on the present standing issue, and compel this Court's granting of summary judgment in favor of Plaintiffs on their Ninth Cause of Action.

In *Koller v. West Bay Acquisitions, LLC*, 2012 WL 2862440 (N.D Cal. July 11, 2012), the defendant, a debt collection agency, attacked the plaintiff's UCL claim on standing grounds.  *Id.* at **1-2.  The plaintiff claimed he suffered economic injury as a result of the defendant's unfair practices based on legal costs incurred prior to any litigation, including hiring counsel to respond to the defendant's letters and to render defensive advice.  *Id.* at *8.  The Northern District Court agreed.  The *Koller* court emphasized "costs expended to defend against litigation are very different than costs expended to file suit" and further held:

> "Plaintiff's costs, expended to discover whether Plaintiff was required to pay the fees and defend himself against Defendants' collection efforts constitute economic injury as defined in *Kwikset*, as an expense that occurred that would have otherwise been unnecessary."

---

[2] Plaintiffs have incurred legal fees and costs in excess of $185,000.00 for the California action alone through July 2013.  It should be noted that unlike the plaintiff in *Cordon v. Wachovia Mortgage, a Div. of Wells Fargo Bank, N.A.*, 776 F.Supp.2d 1029 (N.D. Cal. 2011), Plaintiffs did not affirmatively initiate litigation, but were forced to bring this action because of K2's threats of litigation outside of California.  Valdez Supp. Decl. ¶ 5.

1    Here, like in *Koller*, Plaintiffs were forced to hire legal counsel to discover whether the illegal

2    non-compete provisions precluded them from working for another California employer and to

3    defend against K2's efforts to enforce the illegal non-compete provisions in Nevada and Ohio.  At

4    the same time, K2's blatant forum-shopping efforts forced Plaintiffs to take on offensive litigation

5    and bring K2's unfair competition before a California tribunal, where both the Nevada and Ohio

6    courts agreed it belonged, to ensure that K2 was not successful in foreclosing their lawful

7    employment through a non-California jurisdiction.  These efforts and the expenses associated

8    therewith would have been unnecessary but for K2 seeking to enforce the admittedly illegal non-

9    competes.  Accordingly, just as in *Koller*, Plaintiffs' legal expenses constitute sufficient injury in

10   fact to provide Plaintiffs with standing to sue under the UCL.  Cal. Bus. & Prof. Code § 17204.

11       *Janti v. Encore Capital Group, Inc.*, 2010 WL 3058260 (S.D. Cal. Aug. 3, 2010) also

12   compels a finding that Plaintiffs have standing under Section 17204.  In *Janti,* the defendants sent

13   the plaintiff a "Pre-Legal Notification" debt collection letter and subsequently filed a lawsuit

14   against the plaintiff in state court.  The plaintiff answered the state court complaint and separately

15   sued the defendants in federal court for various claims arising out of the defendants' debt

16   collection efforts, including a claim for unlawful and unfair business practices in violation of

17   Section 17200.  *Id.* at *1.  The Court summarily rejected the defendants' argument that the

18   plaintiff lacked standing to bring the UCL claim, holding that the "injury in fact" requirement is

19   satisfied where the alleged unfair or unlawful conduct caused the plaintiff to incur legal expenses.

20   *Id* at **7, 8.  In fact, the *Janti* court found the $50 filing fee the plaintiff paid to answer the

21   defendants' state court complaint sufficient to constitute injury in fact and establish standing under

22   the UCL.  *Id.*  This Court should make a similar ruling here where Plaintiffs were forced to incur

23   substantially more than $50 in legal fees to defend against K2's efforts to enforce an illegal non-

24   compete.  Valdez Suppl. Decl. ¶ 5.

25       The case *Tourgeman v. Collins Financial Services, Inc.*, WL 6527758 (S.D. Cal. Nov. 23,

26   2009) at **7, 8 similarly supports Plaintiffs' standing in this action.  The *Tourgeman* defendant

27   argued that the plaintiff lacked standing to assert a UCL claim.  The plaintiff claimed that the

28

-4-

PLTFS.' SUPPLEMENTAL BRIEF ISO THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
PURSUANT TO SEPTEMBER 3, 2013 COURT ORDER
United States District Court, Northern, Case No. 3:12-cv-05526-WHO

1  defendant's conduct caused him to incur legal expenses to defend the defendant's state court

2  action.  The *Tourgeman* court found that the plaintiff's legal defense fees were "out-of-pocket

3  expenses" that constituted an injury in fact.  *Id*. at *7.  This reasoning equally applies here.

4  Plaintiffs' legal defense fees in excess of $134,000.00 in the Nevada and Ohio actions (and

5  $185,000.00 in the California action) are also out-of-pocket expenses caused by K2's

6  enforcement tactics and, thus, satisfy the UCL's standing requirements.  Valdez Supp. Decl. ¶ 5.

7  It also is critical to highlight that Plaintiffs' UCL claim is not the type of "shakedown" suit

8  Proposition 64 aims to squelch.  Rather, K2's admitted conduct – namely, its use of and attempts

9  to enforce illegal non-competes – is precisely the type of unfair competition Section 17200 seeks

10  to curb.  *Dowell v. Biosense Webster, Inc.*, 179 Cal.App.4th 564, 575 (2009); *Arkley v. Aon Risk*

11  *Services Cos., Inc.*, 2012 WL 2674980 *5 (C.D. Cal. June 13, 2012).  Therefore, given that

12  Plaintiffs indisputably have standing under the UCL and Defendants have admittedly engaged in

13  unfair competition to cause Plaintiffs' economic injury, the Court must grant Plaintiffs summary

14  judgment with respect to their Ninth Cause of Action.

15  **III.    CONCLUSION**

16        For the foregoing reasons, Plaintiffs Imtiaz Shah, Rick Seisinger and Neelesh Shah

17  ("Plaintiffs") respectfully request that the Court hold that Plaintiffs, including Timothy Morris,

18  have standing under California Business and Professions Code Section 17200 *et seq.,* grant

19  summary judgment on their Ninth Cause of Action and, further, specify in the Court's order that

20  its rulings are a final determination of the issues and not subject to future proceedings in this

21  action.

22  Dated: September 17, 2013              VALDEZ TODD & DOYLE LLP

23

24                                        */s/ Troy A. Valdez*_____
                                          TROY A. VALDEZ

25                                        Attorneys for Plaintiffs/Counter-Defendants
                                          IMTIAZ KHAN*, et al.*

26

27

28