UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMTIAZ KHAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>K2 PURE SOLUTIONS, LP, et al.,<br><br>    Defendants. | Case No. 12-cv-05526-WHO<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION AND VACATING GRANT OF SUMMARY JUDGMENT AND INJUNCTION ON NINTH CAUSE OF ACTION**<br><br>Re: Dkt. No. 78 |

    Defendants K2 Pure Solutions, L.P., K2 Pure Solutions NoCal, L.P., and K2 Pure Solutions Pittsburg, L.P. (collectively "K2"), move that the Court reconsider its grant of summary judgment to Plaintiffs Imtiaz Khan, Tim Morris, Rick Seisinger, and Neelesh Shah on their Ninth Cause of Action alleging violations of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200. For the reasons below, the Motion for Reconsideration is GRANTED.

**BACKGROUND**

    The Court incorporates the discussion in its Order Denying in Part Motion for Summary Judgment and Ordering Supplemental Briefing on Unfair Competition Law Claim. Dkt. No. 63.

    On July 19, 2013, the plaintiffs moved for partial summary judgment on the First, Second, and Ninth Causes of Action of the Second Amended Complaint. Dkt. No. 45. On September 3, 2013, the Court denied the plaintiffs summary judgment on the First and Second Causes of Action and ordered supplemental briefing on whether the plaintiffs have statutory standing to bring their Ninth Cause of Action, which alleged a violation of the UCL based on K2's use of non-compete agreements that violate California law. Dkt. No. 63. The parties submitted supplemental briefing, and on October 2, 2013, the Court granted the plaintiffs summary judgment on their Ninth Cause

of Action. Dkt. No. 70 ("Order"). The Court then issued an injunction, ordering "that the agreements in this case shall have no force or effect and [enjoining] the defendants from seeking to enforce the agreements in any manner, whether in this Court or any other adjudicative body." Order 8.

On October 7, 2013, K2 moved for leave to file a motion for reconsideration of the Court's grant of summary judgment, which the Court granted on October 9, 2013. Dkt. Nos. 71, 72. The parties have filed their briefs on the motion for reconsideration. On October 31, 2013, while the motion for reconsideration remained pending, K2 appealed the Court's grant of summary judgment to the United States Court of Appeals for the Ninth Circuit. Dkt. No. 82.

A partial motion to dismiss the plaintiffs' Third Amended Complaint is pending. Dkt. No. 73.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Ninth Circuit has held that "a motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration cannot be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Dairy v. Bonham*, No. 13-cv-1518-EMC, 2013 WL 5663090, at *1 (N.D. Cal. Oct. 17, 2013).

## DISCUSSION

I. **THIS MATTER IS APPROPRIATE FOR RECONSIDERATION.**

The Court granted summary judgment to the plaintiffs on the Ninth Cause of Action after

2

requesting and considering supplemental briefing on the issue of whether the plaintiffs have statutory standing under the UCL based on the economic harm they suffered from defending against K2's attempts to enforce illegal non-compete agreements against them. Based on the parties' briefing and argument on the plaintiffs' motion for partial summary judgment and the supplemental briefing, and K2's admission that the agreements are void under California law, the Court concluded that K2's use of those agreements violated the UCL and issued an injunction ordering that "that the agreements in this case shall have no force or effect and [enjoining] the defendants from seeking to enforce the agreements in any manner." Order 8. However, neither party directly raised or addressed in their briefing or argument, and the Court did not consider, whether the Court had subject matter jurisdiction under Article III of the United States Constitution to grant the plaintiffs injunctive relief.

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over [a] suit" brought by such a plaintiff. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). If the plaintiffs here did not have Article III standing to seek equitable remedies, the Court would not have had jurisdiction to grant injunctive relief, and therefore allowing the injunction to stand would be "manifestly unjust." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Thus, this matter is appropriate for reconsideration due to this "highly unusual circumstance[ ]." *389 Orange St. Partners*, 179 F.3d at 665.

The plaintiffs cite *Christianson v. Colt Industries Operating Corporation*, 486 U.S. 800, 817 (1988), for the proposition that a court should not revisit a prior decision unless it was "clearly erroneous" or constituted a "manifest injustice." They also cite Civil Local Rule 7-9(b), which states that a motion for reconsideration must establish either (1) a material difference in fact or law was overlooked despite the movant's exercise of reasonable diligence; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." The plaintiffs argue that none of these circumstances are present.

3

While the Court agrees that none of the circumstances in Local Rule 7-9(b) are present, as explained above, if the Court did not have subject matter jurisdiction to issue the injunction, leaving the injunction in place would be a "manifest injustice." Thus, the situation warrants review of the Court's decision. More importantly, as a constitutional matter, the Court has no authority to act if it has no subject matter jurisdiction. Article III's requirements trump those of the Local Rules and this matter should be reconsidered.

## II. THE PLAINTIFFS LACK ARTICLE III STANDING TO RECEIVE INJUNCTIVE RELIEF.

A plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[I]n federal court, a plaintiff must still demonstrate Article III standing to seek injunctive relief, even if she would otherwise have standing in state court." *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 924 (N.D. Cal. 2012).[1] "A determination that a plaintiff has standing to seek damages does not ensure that the plaintiff can also seek injunctive or declaratory relief." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001). Even if a plaintiff suffered an actual injury sufficient to establish UCL standing, "to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the [statute], he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citation omitted); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000).

When the Court ordered supplemental briefing, it did so on the narrow issue of "whether attorney's fees accrued in defending the Nevada and Ohio actions constitute an injury in fact sufficient to confer standing on the plaintiffs under the UCL." Dkt. No. 63 at 10. In issuing its Order, the Court focused solely on the issue for which it requested supplemental briefing. Based on precedent from federal courts in this state, including one in this district, the Court concluded that attorney's fees accrued in the past due to allegedly unlawful actions are sufficient to establish

---

[1] The plaintiffs argue that *Freeman* is distinguishable because it is a class action. Opp'n 11. On the contrary, as the first sentence of the order says, the plaintiffs are bringing multiple "individual actions." 877 F. Supp. 2d at 921.

4

standing under the UCL. Order 2 (citing *Koller v. West Bay Acquisitions, LLC*, No. 12-cv-117, 2012 WL 2862440 (N.D. Cal. July 11, 2012); *Janti v. Encore Capital Group, Inc.*, No. 09-cv-1969-JLS, 2010 WL 3058260, at *7 (S.D. Cal. Aug. 3, 2010)). Because the Court concluded that "[t]he plaintiffs have standing under the UCL to pursue their claim," it proceeded to conduct a UCL analysis and determined that K2 violated both the "unlawful" and "unfair" prongs of the UCL. Order 3-4.

While the Court remains persuaded that the attorney's fees the plaintiffs expended in defending against K2's lawsuits is sufficient to give them standing under the UCL, Order 2, the Court concludes that the plaintiffs do not face a real and immediate threat of injury sufficient to confer Article III standing on them to seek injunctive relief. Defendants now concede that the non-compete provisions are void and unenforceable under California law. Br. 9; Dkt. No. 52 at 7. Although K2 twice attempted to enforce the agreements in courts outside of California, after the plaintiffs moved for partial summary judgment in this case, "K2's Chief Executive Officer, Howard Brodie, [ ] declared, under penalty of perjury on behalf of Defendants . . . that 'K2 will not pursue any claims to enforce the non-compete provisions or to recover any damages from Plaintiffs related to the non-compete provisions, whether in this lawsuit or any other action in the future.'" Br. 9 (quoting Brodie Decl. ¶¶ 4-5). The non-compete agreements have all since expired after the Court granted the plaintiffs summary judgment and issued the injunction. Dkt. No. 63 at 3. The plaintiffs suffered harm in the past but are unlikely to suffer any harm in the future.

To be entitled to injunctive relief, the plaintiffs must show "a sufficient likelihood that [they] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). There must be a "real and immediate threat of repeated injury," *O'Shea v. Littleton*, 414 U.S. 488, 496, (1974), but "past wrongs do not in themselves amount to [a] real and immediate threat of injury," *Lyons*, 461 U.S. at 103. Based on facts similar to the ones here, another judge in this district held that the case was moot and denied declaratory and injunctive relief for the plaintiff.[2] *Landers v. Curran & Connors, Inc.*, No. 05-cv-3169-WHA (N.D. Cal. Mar. 21, 2006).

---

[2] Though the Court initially noted that the plaintiff sought declaratory and injunctive relief, it later only referenced declaratory relief. However, the Court disposed of the case entirely.

5

Relying on defense counsel's representation that "defendant will not seek to enforce the anti-competition covenant anywhere or anytime," the court found that the case was no longer justiciable under Article III. *Id.* at Dkt. No. 66 at 3. There is no indication in that case that the agreement was no longer in effect, as is the case here. Because the agreements here have expired and K2 has made similar representations to the Court that it will not seek to enforce the non-compete agreements, the Court is persuaded that the outcome in *Landers* should apply here.[3]

The fact that the plaintiffs suffered an injury in fact and have standing under the UCL does not affect the standing requirement for seeking injunctive relief in federal court. As one district court aptly said, "Even if Plaintiff had standing to seek injunctive relief in state court [under the UCL based on a past injury], he cannot pursue that form of relief in federal court if he does not establish standing under Article III." *Campion v. Old Repub. Home Protection Co.*, 861 F. Supp. 2d 1139, 1148 (S.D. Cal. 2012). The same is true here.[4] While Article III standing does require an injury in fact caused by the defendants that may be redressed by the court, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), the plaintiffs are incorrect that that is sufficient to give them Article III standing to receive injunctive relief, Opp'n 12. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief [ ] if unaccompanied by any continuing, present adverse effects." *O'Shea*, 414 U.S. at 495-96 (1974). While the plaintiffs may have constitutional standing for damages, they must show more to receive equitable relief.[5]

---

[3] K2 cites another analogous case from this district, *Howard v. Octagon*, No. 13-cv-1111-PJH, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013). Citing to *Landers*, the Court held, "A representation to a court that a party will not seek to enforce a covenant not to compete completely moots a claim for declaratory relief seeking to invalidate a covenant not to compete." *Id.* at *4.

[4] The Court agrees that *Krzyzanowsky v. Orkin Exterminating Co., Inc.*, No. 07-cv-5362-SBA, 2009 WL 481267 (N.D. Cal. Feb. 24, 2009), and *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-cv-1392, 2012 WL 1327824 (S.D. Cal. Apr. 17, 2012), previously discussed in the Order, support the proposition that Article III requires a showing of a likelihood of future harm for a plaintiff to seek injunctive relief. While the plaintiffs attempt to defend the Court's earlier application of those cases, the Court was not focused on the Article III aspects when it issued the Order. Having reconsidered those decisions, the Court concludes that they do not show that the plaintiffs have Article III standing to seek injunctive relief.

[5] Because the Court concludes that Article III compels the Court to reconsider the Order and vacate its injunction, there is no need to address K2's arguments about whether California law

The plaintiffs argue that K2 impermissibly cites to legal authority that it failed to raise in its opposition to the plaintiffs' partial summary judgment motion. Opp'n 7. While neither party explicitly raised the Article III issue before, the issue and supporting authorities are appropriate to raise at any time. As the Federal Rules of Civil Procedure state, "If the court determines at any time that it lacks subject-matter jurisdiction," it must act. FED. R. CIV. P. 12(h)(3). The Ninth Circuit has said, "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). It does not matter that K2 never raised this issue before.

The plaintiffs cite to *Kwikset Corp. v. Superior Court of Orange County*, 51 Cal. 4th 310 (2011), to support the conclusion that they have Article III standing. Opp'n 10. They quote the Supreme Court of California as stating that "lost money or property—economic injury—is itself a classic form of injury in fact." *Kwikset*, 51 Cal. 4th at 323. They further quote, "because economic injury is but one among many types of injury in fact, the [ ] requirement that injury be economic renders standing under [the UCL] substantially narrower than federal standing under article III, section 2 of the United States Constitution, which may be predicated on a broader range of injuries." *Id.* at 324. "Thus," the plaintiffs argue, "Plaintiffs['] standing under [the] UCL also confers Article III standing." Opp'n 11.

The plaintiffs miss the point. While the UCL does have a requirement of economic harm in order to establish *statutory* standing, and while that requirement is narrower than Article III's broader requirement of injury-in-fact to establish standing, that is different from whether the plaintiffs have *constitutional* standing under Article III to seek *injunctive* relief. *Kwikset* did not discuss that issue. As the Supreme Court of California made clear, the law only "incorporate[s] the established federal meaning" of injury-in-fact into its UCL requirements, *Kwikset*, 51 Cal. 4th at 322, but the UCL's requirement has no bearing on Article III itself. Nor does a decision of a state court on a federal constitutional issue have relevance to this Court's jurisdiction. *Kwikset* is

---

allows for injunctive relief or whether the injunction was overbroad. Br. 19.

7

inapplicable.

The plaintiffs argue that the Court should disregard the Brodie declaration disavowing the non-compete agreements at issue because it is a "sham affidavit" that is self-serving and "flatly contradicts" K2's actions in the Nevada and Ohio lawsuits. Opp'n 13-16. The "sham affidavit" rule holds that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (citation and quotation marks omitted). In applying the rule, a court must (1) "make a factual determination that the contradiction was actually a 'sham,'" and (2) conclude "that the inconsistency between a party's deposition testimony and subsequent affidavit [is] clear and unambiguous to justify striking the affidavit." *Id.* at 998-999.

The Court will not disregard the Brodie declaration. The "sham affidavit" rule generally deals with a contradiction between a party's deposition testimony and a later affidavit in the same case, whereas here, the plaintiffs argue that K2's earlier lawsuits are "in direct conflict with what Brodie claims now." Opp'n 16. The Court does not find any contradiction in disavowing one's earlier efforts in taking some action: K2 attempted to enforce the non-compete agreements elsewhere, those cases have ceased, and K2 now declares that it will not do so again. Nothing is "clearly" or "unambiguously" contradictory,[6] nor does the Court find that the Brodie declaration is a "sham." Given the numerous times K2 and its counsel have affirmed in court and in writing that K2 will not seek to enforce or claim damages from the non-compete agreements, the Court is confident that the threat of perjury and sanctions will keep them to their word.

The plaintiffs attempt unconvincingly to distinguish several cases relied upon by K2 in which the court found that declarations not to enforce an agreement were sufficient for the court to conclude that the plaintiffs were unable to receive injunctive relief. Opp'n 16 (citing *Howard v. Octagon, Inc.*, No. 13-cv-1111-PJH, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013); *Smith v. Bioworks, Inc.*, No. 05-cv-1650, 2007 WL 273948 (E.D. Cal. Jan. 29, 2007); *Landers v. Curran & Connors, Inc.*, No. 05-cv-3169-WHA (N.D. Cal. Mar. 21, 2006); *Morcote v. Oracle Corp.*, No.

---

[6] The same is true with regard to the plaintiffs' argument that the Court should apply judicial estoppel against K2.

8

05-cv-386-JCS, 2005 WL 3157512 (N.D. Cal. Nov. 23, 2005)). In *Howard*, in particular, the plaintiffs state, "In deciding the plaintiff's declaratory relief claim was moot, the court gave appropriate weight and due deference to defendant employer's covenant not to sue the plaintiff employee, which it filed in court. The defendant's counsel also represented in pleadings and in open court that its client would not seek to enforce the agreements at issue." Opp'n 16. The plaintiffs distinguish those cases by arguing that "the defendant employers . . . never sought to enforce the agreements at issue against their employees, rendering these cases inapplicable." Opp'n 16.

That is a distinction without a difference given the circumstances of this case. As just discussed, K2 and its counsel have affirmed enough times that they will seek no further action from the now-expired agreements. If they do, they can be dealt with appropriately. In determining whether the plaintiffs have constitutional standing to pursue injunctive relief, however, the Court finds that the cases above persuasively establish that they do not.[7]

## CONCLUSION

The Court is bound by the limits of its jurisdiction and cannot grant the plaintiffs the relief they request.[8] For the reasons above, the Motion for Reconsideration is GRANTED. The Court's October 2, 2013, Order Granting Motion for Partial Summary Judgment on Ninth Cause of Action and the accompanying injunction are VACATED. The plaintiffs' Motion for Partial Summary

---

[7] The plaintiffs request that the Court also reconsider its denial of summary judgment on their First and Second Causes of Action to satisfy K2's assertion that the Court's conclusion that the plaintiffs lack Article III standing to pursue declaratory relief is inconsistent with its Order. Opp'n 17. For all the reasons above, and for the reasons stated in its denial of summary judgment, the Court concludes that the plaintiffs do not have Article III standing to pursue declaratory relief.

[8] The plaintiffs state that "If Article III Standing Is Not Met, This Matter Must Be Remanded to State Court." Opp'n 13. Not true. As the Supreme Court held, "Even if only state-law claims remained after resolution of the federal question[s], the District Court would have discretion, consistent with Article III, to retain jurisdiction." *Osborn v. Haley*, 549 U.S. 225, 245 (2007). The plaintiffs' citation to 28 U.S.C. § 1447(c), which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," is inapplicable because that only refers to whether the district court had jurisdiction in the first place, not after disposing of all the federal claims. On this Motion for Reconsideration, the Court does not find it appropriate to decide whether this case should be remanded.

Judgment on Ninth Cause of Action is DENIED for lack of Article III standing to seek injunctive relief.

**IT IS SO ORDERED.**

Dated: December 2, 2013



WILLIAM H. ORRICK
United States District Judge